P. J. SANTIAGO LAVANDERO, Petitioner, v. FEDERICO TILÉN and PEDRO SANTOS BORGES, Respondents.

No. 444. Argued July 20, 1950.—Decided July 24, 1950.

P. J. *Santiago Lavandero* pro se and also represented by *F. Fernández Cuyar* and *Félix Ochoteco, Jr.* *Vicente Géigel Polanco, Attorney General,* and *Carlos J. Faure* and *Edgar S. Belaval, Assistant Attorneys General,* and *J. Alemañy Sosa,* for respondents.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Upon the allegation in the amended petition—verified by a certificate issued on June 29, 1950 by the Clerk of the Court of Eminent Domain of Puerto Rico—that the defendants Federico Tilén and Pedro Santos Borges, as judges of said court, in violation of the right vested in the petitioner P. J. Santiago Lavandero, also as judge of the aforesaid court, by § 7 of Act No. 223 of May 15, 1948,[1] to be appointed Judge Administrator for the fiscal year 1950 to 1951, appointed defendant Federico Tilén, we issued an alterna-

[1] Section 7 provides as follows:

"The judges of the Court of Eminent Domain shall adopt rules for the internal government of said court, and shall distribute the business among the several sections and designate, by turn one of the judges to act as judge administrator of the said Court each year. For purposes of identification, and to facilitate the work, the sections of the Court of Eminent Domain shall be named as Section One, Section Two, and Section Three in the rules adopted. The rules of the Court of Eminent Domain shall, prior to the effectiveness thereof, be approved by the Attorney General."

tive writ of mandamus ordering the defendants to designate petitioner as such Judge Administrator and in default thereof to appear before this Court on July 12, 1950 to state the reasons, if any, why they failed to comply with the aforesaid order.

The defendants appeared on the above-mentioned date and even though they raised several questions of law praying that the writ be discharged, we deem that since the fundamental allegation of the amended complaint and its verification by the certificate of the Clerk of the Court of Eminent Domain to which we have referred, has been disproved by the evidence introduced by the defendants, we are not bound to consider and decide said questions. Let us see.

██ The third and fourth averments of the amended petition alleged the following:

"3. That the defendants Federico Tilén and Pedro Santos Borges filled the position of Judge Administrator of the Court of Eminent Domain of Puerto Rico, the former, during the fiscal year 1948–49, and the latter, during the fiscal year 1949–50, pursuant to the turn fixed in § 7 of Act No. 223 of 1948 which created the afore-mentioned court, the undersigned Judge being entitled by law to hold and discharge said position during the next fiscal year 1950–51.

"4. That notwithstanding the fact that this is the actual situation in fact and in law, the defendant judges Federico Tilén and Pedro Santos Borges, acting in common and in unlawful connivance, designated Judge Federico Tilén, Judge Administrator of the Court of Eminent Domain for the year 1950–51, the Attorney General of Puerto Rico himself administratively perfecting said designation with his approval, all of this in open and gross violation of law and all of them moved by reasons alien to the very Act, in order to achieve an unfair, arbitrary, and abusive preterition contrary to law."

And in the certificate issued by the Clerk of said court on June 29, 1950 it was stated:

"That according to the original documents filed in the office of this Clerk, the Hon. Federico Tilén held, by appointment, the position of Judge Administrator of this Court, from July 1,

1948 until June 30, 1949 and that the Hon. Pedro Santos Borges substituted him in said position, having filled that position until this date."

We issued the alternative writ herein after taking into consideration these facts and the provision of § 7 of Act No. 223 of 1948, *supra*, to the effect that the judges of the Court of Eminent Domain "shall . . . designate, *by turn* one of the judges to act as judge administrator of the said Court *each year.*"

Now, the evidence introduced by the defendants is the following:

A letter addressed by the Attorney General of Puerto Rico, Hon. Luis Negrón Fernández, on July 1, 1948 to the Hon. Federico Tilén, Judge of the Court of Eminent Domain, which reads:

"I hereby temporarily designate you Judge Administrator of the Court of Eminent Domain of Puerto Rico until such time as the said Court has adopted its rules and the same have been approved by this Department."

A certificate issued by the Clerk of the Court of Eminent Domain on July 13, 1950, which reads thus:

"That my statement in the Certificate issued on June 29, 1950 at the request of the Hon. P. J. Santiago Lavandero to the effect that the Hon. Federico Tilén had held, by appointment, the office of Judge Administrator during the entire fiscal year 1948–49, was based on the fact that the administrative orders signed by said Judge during the aforesaid period are signed in his capacity of Judge Administrator and because he acted as such, uninterruptedly, during the entire fiscal year 1948–49; when the truth is that by an involuntary omission in the examination of the minutes of July 1, 1948, on which date this Court began to function, the fact that, as appears on page 4 of volume 1 of the minutes of Section One of this Court presided by the Hon. Federico Tilén, the latter was appointed temporary Judge Administrator by the Hon. Luis Negrón Fernández, Attorney General of Puerto Rico, on July 1, 1948, was overlooked.

"I FURTHER CERTIFY that it does not appear from any of the documents under my custody that said Judge had been designated by a majority of the votes of the Judges of the Court to hold the position of Judge Administrator during the fiscal year 1948–49."

On his part, the petitioner presented the following additional evidence:

A certificate of the Clerk of the Court of Eminent Domain issued July 13, 1950, which reads as follows:

"1. That the Hon. Federico Tilén acted as Temporary Judge Administrator of this Court from July 1, 1948 until October 4, 1948, as well as from October 4, 1948 until June 30, 1949, said Judge having been acting as such and in charge of the administrative supervision, issuance of orders, administrative memoranda, and all functions inherent in the position of Judge Administrator of the Court.

"2. That the documents, records or minutes under my custody disclose no designation either express or in writing in favor of the Hon. Federico Tilén to act as Judge Administrator during the period between October 4, 1948 and June 30, 1949, nor any previous conference held by the Judges to make such designation.

"3. That the Hon. Pedro Santos Borges held the position of Judge Administrator of the Court of Eminent Domain and acted as such Judge Administrator and discharged the duties inherent in said office during the fiscal year comprised between July 1, 1949 and June 30, 1950.

"4. That the documents under my custody disclose no record of any express and formal designation in writing nor by a previous conference of the judges of the Court, in favor of the Hon. P. Santos Borges to hold the position of Judge Administrator of this Court during the fiscal year 1949–50."

A certificate of said Clerk to the effect that the petitioner was sworn into office and qualified as judge of the Court of Eminent Domain on April 18, 1949, and two memoranda, one dated April 20, 1949 and another, undated, signed "Federico Tilén, Judge Administrator," and addressed to the petitioner assigning several pending cases to him.

Section 4 of Act No. 223 of 1948, insofar as pertinent, provides:

"Immediately after any of the sections of the Court of Eminent Domain has been organized, or in case all are already organized, the Judge of the said court who may have been temporarily designated by the Attorney General as Judge Administrator until such time as the said Court has adopted its rules . . ."

It was pursuant to this provision and by virtue of the appointment by the Attorney General, that defendant Federico Tilén temporarily discharged the duties of Judge Administrator from July 1, to October 4, 1948, since on this latter date the Attorney General approved the Rules of the Court of Eminent Domain, § V of which provides:

"With the approval of the Attorney General of Puerto Rico one of the three judges shall be designated on July 1 of each year as Judge Administrator of the Court, and in such capacity he shall look after the administrative matters of the Court and shall also be in charge of distributing the cases among the various Sections, as provided in § VI of these Rules."

We find, therefore, that it is not true, as alleged in the amended petition and originally certified by the Clerk of the Court of Eminent Domain, that the defendants Federico Tilén and Pedro Santos Borges had held the position of Judge Administrator of said court during the fiscal years 1948 to 1949 and 1949 to 1950, respectively, "pursuant to the turn fixed in § 7" *supra*. The truth is, according to the evidence, that defendant Federico Tilén held that administrative position, temporarily, from July 1 to October 4, 1948 by designation of the Attorney General under the authority vested in the latter by § 4 of the Act and that he continued to discharge said administrative functions until June 30, 1949. Although § V of the Rules of the Court of Eminent Domain provided that "one of the three judges shall be designated on July 1 of each year as Judge Administrator of the Court," it was not, as a matter of fact, until July 1, 1949 that the

first annual turn of Judge Administrator began, both under § 7 of the Act as well as under clause V of the Rules, and which turn was filled from said date and until June 30, 1950 by defendant Pedro Santos Borges.

The petitioner argues that even though the defendant Federico Tilén temporarily discharged the duties of Judge Administrator from July 1, 1948 until October 4 of that same year by designation of the Attorney General, he continued in fact to discharge them for more than eight months, until June 30, 1949 and was, therefore, Judge Administrator during the fiscal year 1948 to 1949, and thus fulfilled the first annual turn provided in § 7 of the Act, *supra*, and that, at the most, he held it for more than eight months and tacitly waived the remaining months to which he was entitled.

We do not agree. Petitioner's right to be designated as Judge Administrator, on the ground that the annual turn provided for in § 7, *supra*, is his, can not be made to rest on a fact which he has not proved, that is, that defendant Federico Tilén was designated and discharged the duties of Judge Administrator by designation of the judges of the Court of Eminent Domain from July 1, 1948 to June 30, 1949. There was no such designation for a year. Either correctly or erroneously, Judge Tilén continued to act only from October 4, 1948 until June 30, 1949. It was not until July 1, 1949 that the defendant Pedro Santos Borges was designated to discharge the duties of Judge Administrator and he discharged them during one year, until June 30, 1950, and even though said designation was not made in writing after a conference of the judges, both parties agree that neither § 7 of the Act nor Clause V of the Rules, *supra*, prescribe such requirement. In our judgment, this was the first annual turn with a permanent character, both under § 7 of the Act as well as under Clause V of the Rules, *supra*, fulfilled by one of the judges of the Court of Eminent Do-

main and, hence, said judges could designate either Federico Tilén or the petitioner to discharge the duties of Judge Administrator during the fiscal year 1950–51.

Since petitioner lacks a clear and definite right to the remedy sought, the petition is dismissed.

---

MR. JUSTICE SNYDER, concurring.

I agree with the result. I was unable to be present and therefore did not vote when this Court issued the alternative writ. My view was and is that the latter action should never have been taken by us because the petition shows on its face that no legal right of the petitioner exists which entitles him to mandamus. I agree to the judgment dismissing the petition without ever reaching the question discussed in the opinion of the Court.